# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SELMA DIVISION

| | |
|---|---|
| CATHIE VERES, on behalf of herself and others similarly situated, | CIVIL ACTION FILE NO. |
| Plaintiff, | |
| v. | |
| FASTWYRE BROADBAND d/b/a MOUNDVILLE COMMUNICATIONS INC. | **COMPLAINT – CLASS ACTION** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Cathie Veres ("Plaintiff" or "Ms. Veres") brings this Class Action Complaint and Demand for Jury Trial against Defendant Fastwyre Broadband d/b/a Moundville Communications Inc. ("Defendant" or "Fastwyre") and alleges as follows:

1.  Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans

'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Fastwyre violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed after they had previously requested to no longer receive such communications.

## PARTIES

3. Plaintiff is an individual.

4. Defendant Fastwyre is a corporation doing business in this District as Moundville Communications.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

6. This Court has general personal jurisdiction over Fastwyre because it is doing business in this district as Moundville Communications.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were orchestrated and sent from this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

## BACKGROUND

8. FCC regulations expressly require companies that engage in telemarketing to implement certain policies and procedures for maintaining an internal do not call list. 47 C.F.R. § 64.1200(d).

9. Courts across the country have held that the 47 U.S.C. § 227(c)(5) provides a private right of action for claims premised on violations of the TCPA implementing regulations promulgated pursuant to 47 U.S.C. §§ 227(c)(1)-(4), including for example claims under 47 C.F.R. § 64.1200(d).

10. To engage in telemarketing, a company's do not call list procedures must satisfy six specific minimum requirements. 47 C.F.R. §§ 64.1200(d)(1)-(6).

11. One of them is maintaining an internal do not call list. *Id*. at § (d)(6).

12. Another is training personnel regarding the existence and use of the internal do not call list. *Id*. at § (d)(2).

13. And still another is recording do not call requests and complying with them. *Id*. at § (d)(3).

14. If a company fails to satisfy any one of these requirements, it is not entitled to engage in telemarketing (and violates the law by doing so), regardless of whether it satisfies all of the regulation's other requirements.

## FACTUAL ALLEGATIONS

15. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. At no point did the Plaintiff consent to receiving telemarketing calls from the Defendant prior to receiving the automated calls at issue.

17. Plaintiff's telephone number, (740) XXX-2181), is a residential, non-commercial telephone number not associated with any business.

18. Ms. Veres uses the number for personal, residential, and household reasons.

19. Plaintiff has never been a customer of Fastwyre.

20. During the fall of 2023, the Plaintiff considered moving and utilizing the Defendant's services.

21. Shortly thereafter, the Plaintiff began to receive telemarketing calls from the Defendant.

22. The Plaintiff believes that between the fall of 2023 and May 13, 2024 (the date of the last call) she received more than 200 telemarketing calls and text messages.

23. The text message is below:



24. All of the calls were the same scripted telemarketing pitch.

25. The representative of the Defendant would ask information regarding her internet services.

26. The Plaintiff received so many calls that she started to send writings to the Defendant through their website, including the following on October 21, 2023:



27. However, the calls continued.

28. The calls were so persistent that February in 2024 the Plaintiff sent the following message.



29. However, the calls continued, including more than a dozen similar calls after the February 2024 message was sent.

30. The calls were so persistent that the Plaintiff sent the following on April 17, 2024:



31. However, the calls continued with at least another dozen calls since the Plaintiff sent this message.

32. Plaintiff and the Class have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In

addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

33. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

34. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **Internal DNC Class:** All persons in the United States who (1) previously requested that their telephone numbers no longer be called at least 31 days previously, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Fastwyre's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

35. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

36. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of

Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

37. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Class, and Defendant has no defenses unique to Plaintiff.

38. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

    a. Whether Defendant should be held liable for violations on its behalf; and

    b. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

39. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common

claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

40. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

    a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

    b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

    c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

    d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
## Violations of the TCPA, 47 U.S.C. § 227
## (On Behalf of Plaintiff and the Internal DNC Class)

41. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

42. Defendant placed numerous calls for telemarketing purposes to Plaintiffs and Internal DNC Class Members' telephone numbers.

43. Defendant did so despite not having a written policy pertaining to "do not call" requests.

44. Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list.

45. Defendant did so despite not recording or honoring "do not call" requests.

46. Defendant placed two or more telephone calls to Plaintiffs and Internal DNC Class members in a 12-month period.

47. Plaintiff and Internal DNC Class members are entitled to an award of up to $500 in statutory damages per telephone call pursuant to 47 U.S.C. § 227(c)(5).

48. Plaintiff and Internal DNC Class members are entitled to an award of treble damages in an amount up to $1,500 per telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Internal DNC Class, respectfully request that the Court enter judgment against Defendant for:

A. Certification of the Internal DNC Class as alleged herein;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned as counsel for the Class;

D. Damages to Plaintiff and members of the Internal DNC Class pursuant to 47 U.S.C. § 227(c)(5); and

E. Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED this 16th day of May, 2024.

        Respectfully submitted,

        */s/ J. Matthew Stephens*
        J. Matthew Stephens (ASB-3788-e66s)
        **METHVIN, TERRELL, YANCEY,**
        **STEPHENS & MILLER, P.C.**
        2201 Arlington Avenue South
        Birmingham, AL  35205
        Telephone:  (205) 939-0199
        Facsimile:  (205) 939-0399
        Email:       mstephens@mtattorneys.com

>Anthony Paronich
>Email: anthony@paronichlaw.com
>**PARONICH LAW, P.C.**
>350 Lincoln Street, Suite 2400
>Hingham, MA 02043
>Telephone: (617) 485-0018
>Facsimile: (508) 318-8100
>(*To apply for Pro Hac Vice admission*)

**DEFENDANT TO BE SERVED AS FOLLOWS:**

Fastwyre Broadband
c/o Huntel, Inc.
153 Dave Dugas Road
Sulphur, LA 70665